**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEMUEL LAWSON, ADMINISTRATOR, ESTATE OF CARMINE LAWSON, Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3880** |
| **CITY OF PHILA, *et al*., Defendants.** | : | |

# MEMORANDUM

**BAYLSON, J.** **AUGUST 3, 2026**

Plaintiff Lemuel Lawson, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from the towing and impoundment of his truck. Currently before the Court are Lawson's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1)[1] and Amended Complaint,[2] in which he asserts claims against the City of Philadelphia, the Philadelphia Police Department ("PPD") and

[1] Lawson filed a second Motion for Leave to Proceed *In Forma Pauperis* that repeats the information provided in the first motion. (*See* ECF Nos. 1 and 6.) Lawson's second motion will be denied as moot.

[2] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). The Court cannot look to the original Complaint "to help fill the factual void in [the plaintiff's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35). *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"). Thus, the Amended Complaint is the operative pleading.

its Nuisance Division,[3] K&A Auto Salvage ("K&A"), the Attorney General of the Commonwealth of Pennsylvania, and the proprietor of Brewerytown Bakery. ("AC" (ECF No. 7 at 1, 2.)) For the following reasons, the Court will grant Lawson leave to proceed *in forma pauperis*. Any claims asserted on behalf of the Estate of Carmine Lawson will be dismissed without prejudice to the Estate paying the applicable filing fee and proceeding on these claims through retained counsel. As to claims Lawson asserts on his own behalf, the Court will dismiss his claims against the PPD and its NNED, the Attorney General of the Commonwealth of Pennsylvania, and the proprietor of Brewerytown Bakery with prejudice, and dismiss his remaining constitutional claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lawson's state law claims will be dismissed for lack of subject matter jurisdiction.

## I. FACTUAL ALLEGATIONS[4]

Lawson filled in and signed a copy of this Court's form Complaint and supplemented it with several typewritten pages, a notarized "Form of Individual Acknowledgment," a copy of Philadelphia Police Department Directive 12.6 pertaining to Abandoned Vehicles, and a "Notice of Availability of Court-Annexed Mediation" from this Court. (*See* AC.) Several pages of the form Complaint are included twice, as are several of the same typewritten pages. (*See id.)* The Court considers the entire submission to constitute the AC.

[3] The Court understands Lawson to refer to the PPD's Neighborhood Nuisance Enforcement Division ("NNED").

[4] The factual allegations set forth in this Memorandum are taken from Lawson's AC (ECF No. 7). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Lawson's pleadings will be corrected for clarity.

Lawson alleges that on April 5, 2026, a 2017 Ford Transit 350 Van, VIN # 1FBZX2ZM1MHKA96973, and bearing License Plate MBV1304 was towed as an abandoned/nuisance vehicle from the 2900-3000 block of Girard Avenue in Philadelphia. (AC at 6, 13.) The vehicle was purchased by Lawson's brother in 2017. (*Id*. at 6.) After his brother's 2023 death, Lawson paid off the balance due on the van. (*Id*.) At the time the van was towed, it was insured, registered, and inspected.[5] (*Id*. at 6, 15.)) Inside the van was a new inflatable boat with a Honda 9.9 hp motor, aluminum floor, Bimini sunshade, wheels, trolling rod holders, anchor, and other accessories. (*Id*. at 12.) Lawson did not receive any notice prior to the van being towed, including no written warning and no window sticker. (*Id*. at 13, 15.) The van was not left unattended for more than 48 hours and so he claims it was not an abandoned vehicle. (*Id*. at 17.)

Lawson claims that the proprietor of the Brewerytown Bakery conspired with an unnamed probationary Philadelphia police officer from the 22nd District and K&A to steal Lawson's boat. (*Id*. at 6, 14.) The proprietor was aware that the boat was inside the van because the aluminum floor had previously been left on his porch, and Lawson described the boat to him when he retrieved the floor. (*Id*. at 12-13.) After this exchange, the proprietor allegedly made unwanted sexual advances to Lawson, slashed the tires on the van, and reported the van as abandoned because it was so large that when it was parked on the street, people could not see his bakery. (*Id*. at 14.) After this, Lawson received numerous parking tickets associated with the van, even though others parked on the same street did not. (*Id*.) When he contacted PPD, he was told that the proprietor had made calls about the van. (*Id*.)

---

[5] The Court notes that Lawson does not allege that the vehicle was titled and registered in his name.

It took Lawson more than four weeks to locate his van after it was towed. (*Id*. at 15.) His City Council representative was unable to help, and after repeated calls and visits to the police, he was told that his "best bet was to notify Internal Affairs." (*Id*.) After learning of the location of the van, Lawson brought $1700 to K&A to pay the associated costs but was told he had to return to the NNED at the police station. (*Id*.) He next returned to K&A with $1900, but the van was not returned to him. (*Id*.) Additionally, he was not permitted to remove paperwork or belongings from the van. (*Id*. at 17.)

Lawson asserts Fourth and Fourteenth Amendment claims. (*Id*. at 2.) He seeks money damages. (*Id*. at 4.)

## II. STANDARD OF REVIEW

The Court will grant Lawson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds*

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Lawson is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

"Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III. DISCUSSION

### A. Claims Asserted on Behalf of Carmine Lawson's Estate

In the caption of his Amended Complaint, Lawson identifies himself as the Administrator of the Estate of Carmine Lawson. (*See* AC.) Additionally, he included the name Carmine Lawson on the signature line of what appears to be an affidavit. (*Id*. at 12.) Lawson alleges that his brother, who originally purchased the van, died in 2023, leaving an unpaid balance on the vehicle. (*Id*. at 10.) Lawson paid off that balance by 2025. (*Id*.) It is not clear from the allegations in the AC whether the title to the van is in Carmine's name and if Lawson seeks to assert claims on behalf of the Estate. However, to the extent he does seek to assert such claims, they must be dismissed.

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit,

and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

One such context is that of the representation of an estate. Lawson identifies himself as the Administrator of his brother's Estate, but a non-attorney administering an estate may not bring claims on the estate's behalf if the estate has beneficiaries besides the administrator and/or creditors because, in that case, "the interests of other parties are directly at stake." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 & n.3 (3d Cir. 2018); *see also Manorcare of Easton PA LLC v. Est. of Nagy*, 783 F. App'x 156, 157 (3d Cir. 2019) (*per curiam*) ("Appellant, who is not an attorney, may not represent the Estate pro se."); *In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) (citing *Rowland*, 506 U.S. at 201–02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court). Lawson does not allege that he is the sole beneficiary of his brother's Estate and does not allege that there are no creditors of the Estate. *See Caputo v. Forceno*, No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her

capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors."); *see also Mosley v. Green*, No. 23-1665, 2023 WL 4935001, at *3-4 (E.D. Pa. Aug. 2, 2023) (claims brought by non-attorney *pro se* litigant as representative of estates were dismissed without prejudice where litigant did not allege he was named administrator of the estates or that was the sole heir of the individuals); *Estate of Twardy v. Lakes of Larchmont Condo Ass'n*, No. 15-6501, 2016 WL 2901664, at *1 (D.N.J. May 18, 2016) (*pro se* plaintiff purporting to represent a decedent's estate must demonstrate that the estate has no other beneficiaries or creditors) (*citing Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (*per curiam*) (*pro se* litigant could not prosecute claims on behalf of estate/heirs). Because Lawson has failed to allege that his brother's estate has no other beneficiaries or creditors, he may not represent the Estate, and any claims asserted on behalf of the Estate will be dismissed without prejudice.[6]

**B. Section 1983 Claims Asserted on Behalf of Lawson**

To the extent he brings federal constitutional claims on his own behalf, Lawson's claims would fall under the Fourth and Fourteenth Amendments. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983

[6] Additionally, the Estate may not proceed *in forma pauperis*, because "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland*, 506 U.S. at 196 (1993); *Upshur v. Hospedale*, No. 17-1358, 2018 WL 395729, at *2 (D. Del. Jan. 12, 2018). "Because an estate is not a natural person, it may not so proceed." *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (*per curiam*); *see also Estate of Twardy*, 2016 WL 2901664, at *1 ("Consequently, because the plaintiff in this case is the Estate of Leon Twardy, and as an estate it cannot be considered a natural person under 28 U.S.C. § 1915, the Estate's IFP application must be denied."). *See also Estate of Miller v. Aldecocea*, No. 23-0409, 2023 WL 12224144, at *1 (E.D. Pa. Feb. 13, 2023) (denying motion for leave to proceed *in forma pauperis* advanced by estate and dismissing estate's claims without prejudice to proceed with retained counsel). Thus, even if Lawson can bring a claim for the Estate as Administrator, he must pay the filing fee to pursue the Estate's claims.

provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))). To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

**1. Relevant Law**

**a. Fourth Amendment**

Lawson alleges that his truck was incorrectly deemed abandoned, towed, and impounded. "The impoundment of an automobile is a Fourth Amendment seizure. Police, may, however, exercise discretion to impound a vehicle so long as that discretion is exercised according to standard criteria." *Blakeney v. Baker*, No. 21-399, 2021 WL 2156227, at *2 (E.D. Pa. May 27, 2021) (cleaned up) (quoting *Draper v. Upper Darby Twp. Police Dep't*, No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012)). "Whether the Fourth Amendment has been violated turns on the objective reasonableness of the seizure." *Id.* (citing *United States v. Smith*, 522 F.3d 305, 312 (3d Cir. 2008)).

Lawson alleges that his van was towed in violation of Philadelphia Police Directive 12 because it was up to date with respect to inspection, registration, and insurance requirements and was not left unattended for 48 hours. Additionally, he claims that he was not afforded any warnings before the van was towed. However, he does not identify who ordered the vehicle towed or who towed it. The few facts Lawson has alleged regarding the towing of his van are not sufficient to state a plausible Fourth Amendment claim. However, because the Court cannot state at this early stage that Lawson will not be able to state a plausible claim, he will be granted leave to amend this claim.

**b. Fourteenth Amendment**

Lawson alleges that his due process rights were violated in the course of the towing and impoundment of his truck and were further violated in the course of his efforts to retrieve his property. Under the Fourteenth Amendment, Lawson is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. Const. amend. XIV, § 1, cl. 3. In order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, Civ. A. No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006)). "A fundamental requirement of due process is the opportunity to be heard ... at a meaningful time and in a meaningful manner." *Rosado*, 2020 WL 1508351, at *3 (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 412, 417 (3d Cir. 2008)).

Pennsylvania law requires that, after a vehicle deemed abandoned is towed, the vehicle owner must be notified of his right to a hearing. 75 Pa. Stat. and Cons. Stat. § 7305(b)(5).

Police are required to process such vehicles and complete an abandoned vehicle report; salvors in possession of such vehicles must send abandoned vehicle information to the Department of Transportation. *Id*. at §§ 7301.1, 7304. Next, the Department of Transportation must notify the last known registered owner of the vehicle of his right to reclaim the vehicle upon payment of fees, to request a copy of the abandoned vehicle information report from the police, and to request a hearing to contest the status of the vehicle as abandoned. *Id.* at § 7305. *Early v. Pittsburgh Bureau of Police*, No. 23-417, 2024 WL 5456285, at *1-*2 (W.D. Pa. Sept. 30, 2024), *report and recommendation adopted*, No. 23- -417, 2025 WL 596230 (W.D. Pa. Feb. 25, 2025) (recommending dismissal of due process claims where owner of abandoned vehicle was not entitled to pre-deprivation hearing prior to towing and received all post-deprivation notice due under applicable state law).

Notably, however, an individual may not assert a claim under § 1983 for even an intentional deprivation of the individual's property by a government employee "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property do not violate due process). To the extent Lawson is raising a procedural due process claim based on the towing of his vehicle, he does not explain why available post-deprivation procedures are insufficient to provide him with the process he is due. *See Perry v. Faddis*, No. 22-4012, 2023 WL 144432, at *5 n.11 (citing *Mawson v. Pittston City Police Dep't*, No. 16-400, 2017 WL 4324840, at *15 (M.D. Pa. Jan. 20, 2017), *report and recommendation adopted*, No. 16-400, 2017 WL 4366446 (M.D. Pa. Sept. 28, 2017) (concluding, in the towing context, that "[c]ourts have recognized that a state-law conversion or replevin case provides an adequate post-deprivation remedy in situations of seized property")

and *Olarte v. Cywinski*, No. 12-632, 2012 WL 3757649, at *6 (M.D. Pa. Aug. 28, 2012) ("We agree with defendant that Pennsylvania law provided plaintiff with adequate post-deprivation remedies [when officer towed her car and sent her license plate to PennDot]. Courts have found that Pennsylvania law provides for such adequate remedies through replevin and conversion claims.")).

Lawson's allegations do not plausibly state a due process claim. First, as noted, Lawson does not allege that the van, which he alleges was purchased by his deceased brother, was registered in his name, and therefore, has not plausibly stated that he has a legally recognized interest in the vehicle. Additionally, he does not describe any information he received about the towing after it occurred, including how or from whom he learned that the van was stored at K&A. He does not allege what information he provided to K&A on the occasions he sought to retrieve the van and does not allege why K&A refused to release the vehicle to him. In these circumstances, he has not stated a plausible Fourteenth Amendment claim, and this claim will be dismissed. However, because the Court cannot state at this early stage that Lawson will not be able to state a plausible claim, he will be granted leave to amend this claim.

**2. Claims Against the PPD and its NNED**

Lawson asserts claims against the PPD and its NNED based on the events described in the AC. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating

that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the PPD and NNED are not proper defendants in this case under Section 1983 and the claims against them will be dismissed with prejudice.

### 3. Claims Against the Attorney General of the Commonwealth of Pennsylvania

Lawson also asserts claims against the Attorney General of the Commonwealth of Pennsylvania. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Additionally, the United States Court of Appeals for the Third Circuit has held that, where a claim is filed against state officials who were not directly involved in the activities that caused the alleged constitutional violation, but are instead named as defendants because of their positions in state government, they are deemed to be sued in their official capacities and thus entitled to Eleventh Amendment immunity. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and

its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

Because there are no factual allegations in the AC describing any conduct engaged in by the Attorney General with respect to the alleged seizure of Lawson's truck, the Court understands Lawson to be asserting claims against him because of his position in state government. Accordingly, the claims against him are barred by the Eleventh Amendment and will be dismissed with prejudice.

**4. Claims Against the Proprietor of Brewerytown Baking**

Lawson asserts claims against the proprietor of Brewerytown Bakery because he allegedly reported Lawson's truck as abandoned on numerous occasions, resulting in its alleged seizure. However, Lawson cannot pursue constitutional claims against the proprietor of Brewerytown Baking because he is not alleged to be a state actor.

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such 'a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

"Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

"Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983); *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 420 (E.D. Pa. 2020) ("Providing false information to the police -- even deliberately -- does not transform a private party into a state actor."), *aff'd*, No. 22-1960,

2023 WL 4418213 (3d Cir. July 10, 2023); *Ortiz v. Mull*, No. 25-0028, 2026 WL 1284222, at *2 (E.D. Cal. May 11, 2026) (dismissing claims against private individuals who knowingly provided false information to law enforcement to cause them to ticket and tow plaintiff's vehicle because pleading did not adequately allege state action).

Lawson has not alleged facts to support a plausible conclusion that the Brewerytown Bakery's proprietor's conduct satisfies any of the foregoing tests, and nothing in his AC suggests any factual or legal basis for concluding that the proprietor is a state actor subject to liability under § 1983. Because he is not a state actor, Lawson's constitutional claims against him are not plausible and will be dismissed. Because any attempt to cure this deficiency would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

**5. Claims Against K&A**

Lawson asserts claims against K&A. However, Lawson has not adequately alleged that K&A was acting under color of state law at the time of the events described. A towing company may be deemed a state actor in certain circumstances. *See Madero v. Luffey*, No. 22-1705 (3d Cir. June 20, 2024) (citing *Smith v. Insley's Inc.* 499 F.3d 875, 878 (8th Cir. 2007) (holding that a towing company under contract with a sheriff's office to tow and store vehicles as a part of criminal investigations was state actor because "securing property for a criminal investigation" is a "traditional governmental function" and meets the public function test.) *See also Rosado*, 2020 WL 1508351, at *5 (permitting § 1983 claim to proceed against towing company based on allegations that company acted with township officials to unlawfully seize property); *Orkowski v. McCauley*, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (same); *Foster v. City of Philadelphia*, 2014 WL 5821278, at *22 (E.D. Pa. Nov. 10, 2014) ("[Towing company] is a state

actor for § 1983 purposes by virtue of maintaining an ongoing salvor relationship and contract with the City of Philadelphia.”).

Based on the allegations in the AC, the Court understands that the van was at some point in the possession of K&A, and that K&A resisted returning the vehicle or its contents to Lawson. However, Lawson does not allege that the company towed the van and, if it did so, whether it did so pursuant to directions from a representative of the City of Philadelphia or other state actor. In short, the AC does not plausibly allege that K&A acted under color of state law. However, because the Court cannot state at this early stage that Lawson will not be able to state a plausible claim, he will be granted leave to amend this claim.

**6. Claims Against the City of Philadelphia**

Lawson asserts claims against the City of Philadelphia based on the towing and impoundment of his van. As pled, the claim is not plausible. A municipality is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (Local governments can be liable as “persons” under § 1983, however, this liability extends only to “their *own* illegal acts” (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). To state a claim for municipal liability, a plaintiff must allege that the defendant’s policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff “must identify [the] custom or policy, and specify what exactly that custom or policy was” to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. “A plaintiff must also allege that the policy or custom was the ‘proximate cause’ of his injuries.” *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213

(3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Lawson does not identify any City employee involved in the towing or impoundment of his van and does not allege that any City employee acted pursuant to a policy or custom with respect to the towing and impoundment of his van. Moreover, as discussed above, Lawson has not plausibly alleged that his constitutional rights have been violated. Accordingly, he has not stated a plausible claim against the City and the claims will be dismissed. Lawson will be granted leave to amend these claims.

### B. State Law Claims

Lawson claims that several of the Defendants sought to steal his van and the boat it contained and the Court liberally construes the AC as including state law claims for conversion and/or replevin. However, Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Lawson may intend to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiffs' burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Lawson does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that all parties may be Pennsylvania citizens and, therefore, not diverse. Accordingly, Lawson has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Additionally, Lawson seeks compensatory damages in the amount of $50,000 (*see* AC at 4), and does not allege that the amount in controversy in this case exceeds $75,000. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the

jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). For this reason, too, Lawson has failed to satisfy his burden of establishing the existence of diversity jurisdiction, and any state law claims he intends to pursue will be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lawson leave to proceed *in forma pauperis*. Any claims asserted on behalf of the Estate of Carmine Lawson will be dismissed without prejudice to the Estate paying the applicable filing fee and proceeding on these claims through retained counsel. As to claims Lawson asserts on his own behalf, the Court will dismiss his claims against the PPD and its NNED, the Attorney General of the Commonwealth of Pennsylvania, and the proprietor of Brewerytown Bakery with prejudice, and dismiss his remaining constitutional claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lawson's state law claims will be dismissed for lack of subject matter jurisdiction. Lawson will be granted leave to file a second amended complaint.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**