**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEMUEL LAWSON, ADMINISTRATOR, ESTATE OF CARMINE LAWSON, Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3880** |
| **CITY OF PHILA, *et al*., Defendants.** | : | |

# ORDER

AND NOW, this 3rd day of August, 2026, upon consideration of Plaintiff Lemuel Lawson's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), and Amended Complaint (ECF No. 7) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915. Lawson's second Motion for Leave to Proceed *In Forma Pauperis* is **DENIED AS MOOT**.

2. The Amended Complaint is **DEEMED** filed.

3. The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a. Any claims asserted by the Estate of Carmine Lawson are **DISMISSED WITHOUT PREJUDICE**. If the Estate chooses to pursue any claims asserted on its behalf in the Amended Complaint, within thirty (30) days of the date of this Order, it must remit $402 (the $350 filing fee and $52 administrative fee) to the Clerk of Court. Additionally, if Lawson is not the sole beneficiary of the Estate, or if the Estate has creditors, within thirty (30) days of the date of this Order the Estate must retain counsel to pursue its claims.

b. Lawson's claims against the Philadelphia Police Department and its Nuisance Division, the Attorney General of the Commonwealth of Pennsylvania, and the proprietor of the Brewerytown Bakery are **DISMISSED WITH PREJUDICE**.

c. Lawson's remaining constitutional claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

d. Lawson's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** the following as Defendants: the Philadelphia Police Department and its Nuisance Division, the Attorney General of the Commonwealth of Pennsylvania, and the proprietor of Brewerytown Bakery.

5. Lawson may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Lawson's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint or Amended Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, Lawson should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. The Clerk of Court is **DIRECTED** to send Lawson a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Lawson may use this form to file his second amended complaint if he chooses to do so.

7. If Lawson does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Lawson fails to file any response to this Order, the Court will conclude that Lawson intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See*

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**